UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 09-402

RICHARD A. HIGGINS                          SECTION "C"

<u>ORDER AND REASONS</u>

This matter comes before the Court on motion under 28 U.S.C. § 2255 to vacate,

set aside or correct sentence filed by Richard A. Higgins ("Higgins").   Having

considered the record, the memoranda of counsel and the law, the Court has

determined that the motion should be denied for the following reasons.

Pursuant to a plea agreement, Higgins plead guilty to a one-count superseding

bill of information for receipt of materials involving the sexual exploitation of minors in

violation of 18 U.S.C.§ 2252(a)(2) on January 27, 2010, and was sentenced to180 months

imprisonment on April 28, 2010.   No appeal was filed.  This motion was filed on

November 5, 2010.  Higgins challenges his sentence on the ground that counsel was

1

ineffective for failing to file an appeal as directed by the defendant.   The government opposes the motion based on the defendant's waiver of the right to appeal attendant to his plea agreement with the government.

**Strickland**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel.   A defendant seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense.  *See id*. at 697.

To prevail on the deficiency prong, the  defendant must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment.  *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).   "Counsel's performance is deficient if it falls below an objective standard of reasonableness."  *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998).  Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances.  *See Strickland*, 466 U.S. at 689.  "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'"  *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690).  The defendant must overcome a strong presumption that the conduct of his counsel falls within a wide

2

range of reasonable representation.  *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir.

1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

The appropriate standard for determining prejudice varies slightly depending on

whether the defendant is challenging the actions of trial or appellate counsel.  In order

to prove prejudice with respect to trial counsel, the defendant "must show that there is

a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different."  *Strickland*, 466 U.S. at 694.  In this context, a

reasonable probability is "a probability sufficient to undermine confidence in the

outcome."  Id.  In making a determination as to whether prejudice occurred, courts

must review the record to determine "the relative role that the alleged trial errors

played in the total context of [the] trial."   *Crockett*, 796 F.2d at 793.  In order to prove

prejudice with respect to a claim that appellate counsel was ineffective, a defendant

must show a reasonable probability that he would have prevailed on appeal but for his

counsel's deficient representation.  *Briesno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001); *see*

*also Smith v. Robbins*, 528 U.S. 259, 286 (2000).  Therefore, the defendant must

demonstrate a reasonable probability that, if appellate counsel's performance had not

been deficient in the manner claimed, the appellate court would have vacated or

reversed the trial court judgment based on the alleged error.  *Briesno*, 274 F.3d at 210.

The defendant bears the burden of proof when asserting an ineffective assistance of counsel claim.  The defendant "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000).  If a court finds that defendant has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong.  *Strickland*, 466 U.S. at 697.

**Failure to appeal**

Assuming that the defendant did instruct his attorney to file an appeal for purposes of *Roe v. Flores-Ortega*, 528 U.S. 470 (2000),  he can not provide the support necessary to warrant relief.  Here, the defendant specifically waived his right to appeal his guilty plea as part of the plea bargain in this matter.   He was allowed to conditionally enter his plea pending receipt of the pre-sentence report because of the waiver of appellate rights.   Therefore, even assuming that the defendant can meet the first element of the *Strickland* analysis relative that counsel acted deficiently, he can not establish that the failure to file an appeal prejudiced him in any way.  In addition, the defendant presents no argument as to how an appeal would have affected either the plea of guilty or the sentence imposed.

4

Accordingly,

IT IS ORDERED that the motion under 28 U.S.C. § 2255 to vacate, set aside or

correct sentence filed by Richard A. Higgins is DENIED.

New Orleans, Louisiana, this 14th day of March, 2011.


_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE